Jones, J.
 

 In its general charge, the trial court advised the jury that the amount claimed by the plaintiff below was admitted by the pleadings, and also stated fully the allegations contained, and issues made in the. cross-petition of Kern. On the trial Kern testified that he was engaged in the retail business, and for a period of five years had handled paints manufactured by the Lawrence Company; that on the occasion in question he had purchased from the latter’s salesman eighteen gallons of Lawrence paint, described as Nos. 1350 and 1950. He also testified that the Lawrence Company sold two grades of paint, and that No. 1350 was the better grade of the two. The Lawrence salesman testified that the paint was bought by description, and that No. 1350 was an ivory shade of their best paint. He testified also that nothing ■was said about the particular purpose for which it was to be used when it was purchased.
 

 
 *566
 
 It is probable, since evidence had been offered that the paint had been purchased by description and not for a particular purpose, that the court supposed that this issue had been raised by the evidence if not by the pleadings, for it called the attention of the jury to paragraph (2) of Section 8395, General Code. He said to them that “where goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality.” In that connection he said to the jury that if they should find by a preponderance of the evidence that the paint was defective or useless, and that it was necessary for the defendant to go to an expense to place the same on the houses, and remove the same, and that if they further found that the goods were bought by description from the seller, an implied warranty that the paint should be of merchantable quality was proven, and the jury would be warranted in finding for the defendant on his cross-petition.
 

 The cross-petition relied for recovery upon a liability imposed not by paragraph ('2), but by paragraph (1) of Section 8395', General Code, where the buyer makes known to the seller the particular purpose for which the goods are required. However, if any error was committed by the court in its reference to paragraph (2), it was thereafter cured at the instance of the defendant.
 

 At the close of the general charge counsel for defendant called the court’s attention to paragraph (1) of said section, which he read to the jury. That paragraph is as follows:
 

 
 *567
 
 “When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the
 
 goods are
 
 required, and it appears that the buyer relies on the seller’s skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.”
 

 When this paragraph was. called to the attention of the trial court, he said to the jury:
 

 “I think it is right and proper to call your attention to it, gentlemen, as it is a. part of our law that applies to this case.”
 

 And after reading the paragraph to them, he said:
 

 “This covers the allegation that is made in defendant’s cross-petition, that is, defendant in his cross-petition claims that he relied on the person who sold them that the goods, purchased would be suitable for the purpose intended.”
 

 The court then confined his charge solely to the issues made by the cross-petition, and charged that if the jury found by a preponderance of the evidence that defendant notified plaintiff’s agent of the purpose for which the goods were to be used, and they were not as warranted, the jury would be justified in finding for the defendant accordingly.
 

 The Court of Appeals reversed the judgment because the trial court, in its charge, had adverted to paragraph ('2) of the section named. There is no doubt, however, that when his attention was called to it the trial court charged paragraph (1) as applicable to the issues made by the cross-petition and reply, for he said to the jury that paragraph
 
 *568
 
 (1) was the “part of our law that applies to this case.”
 

 In view of the latter feature of the charge, and since the court thereafter confined the jury solely to the consideration of the issues made by the cross-petition and the reply of plaintiff, under paragraph (1), we are unable to see how the jury could be misled by what had been said to them theretofore, especially in view of their general verdict finding the issues in the case in favor of the plaintiff below, since the sole issue arose upon the cross-petition of the defendant.- There was no prejudicial error committed by the trial court.
 

 Judgment of the Court of Appeals is reversed, and that of the common pleas affirmed.
 

 Judgment reversed, and judgment of the court of common pie,as affirmed.
 

 Marshall, C. J., Robinson, Matthias, Dav, Allen, and Conn, JJ., concur.